## Herman Hollatz et al., Appellants, v. Frederick H. Gerberding et al., Appellees.

### Gen. No. 22,702.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. MCKINLEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 26, 1917.

### Statement of the Case.

Suit by Herman Hollatz and others, complainants, against Frederick H. Gerberding and others, defendants, to enjoin the building of a certain garage contrary to a certain city ordinance as to location of garages. From a decree dismissing the bill for want of equity, complainants appeal.

ROBERT C. BENNETT and WENTWORTH, CAVENDER & KAISER, for appellants; DANIEL S. WENTWORTH, HARVEY L. CAVENDER and C. A. COOLIDGE, of counsel.

MILLER, GORHAM & WALES, for appellees.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when building not used for business purposes.* A flat building should not be considered as used for business within a building ordinance, because a physician, occupying one of the apartments, received and treated patients therein, or had his name in the window.

2. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*when building fronts on street.* A building located upon a corner of a block with an entrance upon one street only should properly be considered as fronting upon both streets, within a building ordinance.

3. BUILDING RESTRICTIONS AND REGULATIONS, § 1*—*how ordinance construed as to consent of majority of property owners and as to residential character of buildings.* Where an ordinance prohibited garages in blocks wherein two-thirds of the buildings on both sides of the street were used exclusively for residence purposes or within one hundred feet of any such street, without the consent of a majority of the property owners on both sides of such street according to the frontage, and provided that a building fronting upon another street and located upon a corner lot should not be considered in determining such two-thirds of the residence buildings, *held* that buildings on corner lots should not be considered in determining the residential character of buildings but should be in obtaining the consents of owners.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.